Gunter, J.
This was an action to recover commission on sale of real estate. Plaintiffs had verdict and judgment. Defendant appealed. The complaint contained two counts. By order of the lower court trial was had upon but one. To this ruling no cross-error was assigned. The count upon which the trial was had, alleged the making of a specific contract in writing whereby defendant agreed to pay plaintiffs a commission provided a sale was effected through the efforts of plaintiffs, at a price satisfactory to defendant. It further alleged that through the efforts of plaintiffs a sale was effected at a price satisfactory to defendant, and prayed judgment for the stipulated commission. That the sale was effected through the efforts of plaintiffs was denied in the answer. It is thus seen that the causé of action alleged was that plaintiffs had by securing the purchaser through their efforts complied with the contract. The cause of action was not that plaintiffs would have secured a *193 purchaser but for the interference of defendants, it was not that defendant had wrongfully revoked the agency after the performance of substantial services thereunder by plaintiffs, but it was that plaintiffs had carried out the contract by procuring a purchaser of the property involved.
It was incumbent upon plaintiffs in making out their case to satisfy the jury that the sale counted on had been effected through their efforts, and they introduced evidence tending to establish this issue. The contract upon which plaintiffs counted was dated November 12, 1897, and it was alleged that the sale brought about through their efforts was made March 14, 1898. To overcome the evidence of plaintiffs, adduced for the purpose of showing that the sale in question was effected through their efforts, the defendant offered to show that for months prior to the date of the giving of the agency to plaintiffs by defendant the party who subsequently became purchaser through agents Joralman, Harrison and Jarmuth had been negotiating with defendant for the property in question, that through such agents the purchaser had been first introduced to the defendant. Further, that these negotiations were never broken off, and continued up to the date of the sale; that various propositions from the purchaser had from time to time been submitted to the defendant including one of the proposition presented by plaintiffs, and that such submission was prior to its presentation by plaintiffs.
This evidence the defendant offered through the agent Jarmuth; the court refused to receive it.
As it appears from the evidence that the proposition upon which the sale was actually closed was better than any proposition that had been conveyed by plaintiffs to defendant, and that it was presented to defendant by the agent Harrison, it can be appreci *194 ated that the evidence refused might have been of service in determining the question as to through whose efforts the sale was brought about. The court erred in rejecting this evidence,' and we cannot say that defendant was not prejudiced thereby. Evidence tending to show some of the same facts was offered by defendant through the witness Harrison. This also the court refuse to receive.
Some of the above rejected evidence was supplied in a disconnected manner along through the testimony, but not all of it, and that which did so come in lost much of its force in the disconnected, irregular manner in which it appeared. The error in the rejection of the above testimony was magnified by the giving of instruction No. 10, wherein the jury was charged that it should not take into consideration any transaction or proposition of trade or sale between any parties and the defendant prior to the agency contract above mentioned with defendant, and that it should confine its inquiries to the transactions since the date of the agency contract. In determining the material issue through whose efforts this sale was brought about, we think the jury was entitled to any evidence showing the influence of the agents Joralman, Harrison and Jarmuth, oi any one of them, exerted upon this sale before or after November 12, 1897.
No opinion is expressed upon the other questions urged.
Judgment reversed. • Reversed.